IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

AT HUNTINGTON

TAMMY A. KIMBLER,

      Plaintiff,

V.                                   CIVIL ACTION NO. 3:08-1277

MICHAEL J. ASTRUE,
Commissioner of Social Security,

      Defendant.

## MEMORANDUM ORDER

In this action, filed under the provisions of 42 U.S.C. §§ 405(g) and 1383(c)(3), plaintiff seeks review of the final decision of the Commissioner of Social Security denying her applications for disability insurance benefits and supplemental security income based on disability. The case is presently pending before the Court on cross-motions of the parties for judgment on the pleadings.

Plaintiff filed her applications on October 26, 2004, alleging disability commencing July 28, 2004, as a consequence of back pain as a result of a car accident and depression. On appeal from initial and reconsidered denials, an administrative law judge, after hearing, found plaintiff not disabled in a decision which became the final decision of the Commissioner when the Appeals Council denied a request for review. Thereafter, plaintiff filed this action seeking review of the Commissioner's decision.

At the time of the administrative decision, plaintiff was thirty-eight years of age and had completed high school with special education classes and two years of college. Her past relevant

employment experience consisted of work as a nursing aide, waitress, cook and cashier. In his decision, the administrative law judge determined that plaintiff suffers from back pain and depression, impairments which he found to be severe. Though concluding that plaintiff was unable to perform her past relevant work,[1] the administrative law judge determined that she had the residual functional capacity for a limited range of medium level work. On the basis of this finding, and relying on Rule 203.29 of the medical-vocational guidelines[2] and the testimony of a vocational expert, he found plaintiff not disabled.

Before this Court, plaintiff argues that the administrative law judge disregarded her full scale IQ tests. Contrary to plaintiff's assertion, the administrative law judge, in fact, discussed both of her IQ tests and set forth the reasons he considered these scores to be invalid and not representative of her actual abilities. Plaintiff underwent psychological testing in 1985 when she was still in school, and received a full scale IQ score of sixty-nine. The administrative law judge ordered a psychological examination in 2007 which included IQ testing, and plaintiff received a full scale IQ score of sixty-seven. The administrative law judge noted that the consultative examiner found the most recent test scores to be invalid because she put forth little effort, gave up easily, and did not attempt to answer the more difficult questions. This more recent testing placed plaintiff's reading ability at the second grade level, which the administrative law judge found to be inconsistent with her actual abilities.[3] To assist him in determining plaintiff's mental capacity the administrative law

---

[1] This finding had the effect of shifting a burden of production to the Commissioner with respect to other work plaintiff was capable of performing. Hall v. Harris, 658 F.2d 260, 264 (4th Cir. 1981); McLamore v. Weinberger, 538 F.2d 572, 574 (4th Cir. 1976).

[2] 20 C.F.R. Part 404, Subpart P, Appendix 2, Table No. 3.

[3] The administrative law judge noted that she attended college and took courses for a degree in medical assisting.

judge provided the relevant records to Dr. Tessnear, a clinical psychologist, and asked her to answer interrogatories related to plaintiff's abilities.  Dr. Tessnear noted that the earlier IQ scores were similar to the more recent ones, and that plaintiff had then, similarly, been noted to give up easily during testing.  In Dr. Tessnear's opinion these scores might also have been invalid, and she felt that a specific learning disability seemed unlikely.  Moreover, Dr. Tessnear found that plaintiff's mental impairments did not meet or equal any of the listed impairments, and that she only had mild limitations on her activities of daily living; moderate limitation on her social functioning; mild limitation on her concentration, persistence, or pace; and no episodes of decompensation.  The administrative law judge found Dr. Tessnear's assessment consistent with the weight of the evidence and relied on her findings.  Clearly, he has not disregarded plaintiff's IQ scores and his findings in this regard are both rational and supported by the evidence.

Plaintiff also asserts that the Commissioner made a faulty credibility assessment.  The regulations describe a two-step process for evaluating symptoms.[4]  The administrative law judge must first consider whether there is an underlying medically determinable physical or mental impairment that could reasonably be expected to produce the individual's pain or other symptoms.[5]  If such an impairment is established, the administrative law judge must then evaluate the intensity, persistence, and limiting effects of the symptoms to determine the extent to which they limit the individual's ability to do basic work activities.[6]  The latter step requires consideration of both the objective medical evidence and subjective evidence of a claimant's pain or other symptoms, and,

---

[4] See 20 C.F.R.  §§ 404.1529 and 416.929; See also, SSR 96-7p; Craig v. Chater, 76 F.3d 585, 592-96 (4th Cir. 1996).

[5] Id.

[6] Id.

while objective medical evidence may be "crucial" in evaluating the intensity, persistence, and limiting effects of symptoms, <u>Craig</u> v. <u>Chater</u>, supra at 595, subjective complaints may not be discredited solely because they lack objective support. <u>Hines</u> v. <u>Barnhart</u>, 453 F.3d 559, 565 (4th Cir. 2006).

Examination of the record in this case establishes that the administrative law judge properly assessed plaintiff's credibility, concluding that her statements concerning the intensity, duration and limiting effects of her symptoms were "not credible."  The administrative law judge made this credibility determination after having the opportunity to observe plaintiff at the hearing and after considering the relevant factors listed in SSR 96-7p.[7]  In considering these factors, the administrative law judge noted that plaintiff testified that she had a friend help her take care of her personal needs, she goes shopping with a friend, and she attends one football game per season with her nephew.  He also made reference to her testimony that she experiences low back pain rated as a six out of ten, upper back pain rated as a two out of ten, numbness down both legs, calluses on her feet, and migraine headaches, and that her pain is worse when she sits or stands for an extended period of time.  For pain relief she takes Neurontin and Motrin, takes hot baths, lies down, and uses a heating pad.  She was noted to use a cane for ambulation, and she testified that she attempted physical therapy, does home exercises, and wears a back brace.

After considering the relevant factors in light of this evidence, the administrative law judge found plaintiff's credibility to be poor.  He noted that although she was using a cane, it was not

---

[7] <u>See also</u> 20 C.F.R.  §§ 404.1529(c)(3) and 416.929(c)(3); The factors include: (1) the extent of claimant's daily activities; (2) location, duration, frequency, and intensity of symptoms; (3) precipitating and aggravating factors; (4) type, dosage, effectiveness, and side effects of medication; (5) treatment other than medication; (6) any measures other than treatment used to relieve pain; and (7) any other factors concerning the claimant's functional limitations and restrictions due to pain or other symptoms.

prescribed to her; she testified to wearing a back brace, but was not wearing one at the hearing because she "forgot it;" she testified to only being able to sit for five to ten minutes, but she traveled forty-five to sixty minutes to the hearing and only stopped once; she denied being more active after physical therapy and riding a four-wheeler, but her treatment records indicate otherwise; she testified she does not cook or visit with family, yet she indicated to the psychological consultative examiner that she did these things; and she testified that she needs help with her personal needs, but she previously indicated she could take care of her own personal needs. Based on the foregoing, it is clear that appropriate methodology was applied by the administrative law judge and that substantial evidence supports his findings regarding plaintiff's credibility.

Plaintiff also alleges that the administrative law judge failed to properly consider the combined effect of her impairments, which included her full scale IQ, depression, migraines, and back and foot pain. The Social Security regulations provide:

> In determining whether your physical or mental impairment or impairments are of a sufficient medical severity that such impairment or impairments could be the basis of eligibility under the law, we will consider the combined effect of all of your impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity. If we do find a medically severe combination of impairments, the combined impact of the impairments will be considered throughout the disability determination process. If we do not find that you have a medically severe combination of impairments, we will determine that you are not disabled.

20 C.F.R. § 416.923; *see also* Oppenheim v. Finch, 495 F.2d 396, 398 (4th Cir. 1974).

A review of the decision reveals that, in assessing plaintiff's residual functional capacity, the administrative law judge, in fact, considered the combined effect of her impairments. He found that her depression and back pain were severe impairments, and provided limitations on her residual functional capacity based on these findings. Also, as noted previously, he evaluated her migraines

and foot pain in accordance with the regulations, and found her IQ scores to be invalid.  Finally, having considered all of plaintiff's impairments, it is clear that substantial evidence supports his findings with regard to their combined effect.

Plaintiff next asserts that the administrative law judge failed in his duty to develop the evidence.  Plaintiff believes the administrative law judge should have inquired as to why her IQ test scores were nearly identical twenty-two years apart, yet deemed invalid.  This argument is largely duplicative of her first argument regarding the validity of her IQ scores.  As previously noted, the administrative law judge found plaintiff's IQ scores to be invalid based on her effort during testing and the opinion of the state agency medical advisor.  Dr. Tessnear, after having reviewed the evidence, including the two sets of IQ scores, found plaintiff did not have a listing-level impairment. She further found that plaintiff was capable of performing work, and that it appeared that the 1985 IQ scores were also invalid.  Furthermore, the administrative law judge found that plaintiff's scores did not reflect her actual abilities, as she had taken college classes and had worked in the past. Based on the foregoing, it is clear that the administrative law judge had ample evidence in the record to inform his decision, and that further documentation of the evidence was neither necessary nor required.

Lastly, plaintiff asserts that the administrative law judge failed in his duty to produce evidence sufficient to rebut the presumption of disability.  In support of this argument plaintiff cites numerous cases that discuss judicial review, but none that suggest there is a presumption of disability.  Plaintiff has, similarly, failed to provide any regulatory or statutory support for her argument, and the Court is aware of none.

Review of the record establishes to the Court's satisfaction that the administrative law judge's findings with respect to plaintiff's impairments, the resultant work-related limitations, the weight given various medical opinions and the assessment of plaintiff's credibility are supported by substantial evidence.  Under such circumstances, the decision of the Commissioner must be affirmed.

On the basis of the foregoing, it is **ORDERED** that plaintiff's motion for judgment on the pleadings be denied, that the like motion of defendant be granted, and the decision of the Commissioner affirmed. All matters in this case being concluded, it is **ORDERED** dismissed and retired from the Court's docket.

The Clerk is directed to transmit a copy of this Memorandum Order to all counsel of record.

ENTER:   March 2, 2010

MAURICE  G.  TAYLOR,  JR.
UNITED  STATES  MAGISTRATE  JUDGE